UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERALD WATSON,<br><br>         Plaintiff,<br> against<br><br>NEW YORK CITY ECONOMIC<br>DEVELOPMENT CORPORATION and<br>HESTER MUIS,<br><br>         Defendants. | CIVIL ACTION NO.: 1:22-cv-01660-JGK<br><br>**CONFIDENTIALITY STIPULATION<br>AND PROPOSED PROTECTIVE ORDER** |

  **WHEREAS**, the Parties having agreed to the following terms of confidentiality regarding certain documents and information that will be produced by the Parties during discovery in the above-entitled action ("Action"), and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Counsel for any party may designate documents or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, including materials that counsel for the designating party reasonably believes contain or reflect trade secrets, confidential information that comprises sensitive technical, business, commercial, financial, proprietary or research information that has not been made public. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The Parties may further designate certain "CONFIDENTIAL" materials or testimony of a highly confidential nature as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material shall mean certain "confidential" materials or testimony of a highly confidential and/or sensitive nature that have a likelihood of causing competitive harm to the Producing party if publicly known.

  2. The Confidential Information (including Attorneys' Eyes Only designation) disclosed will be held and used by the person receiving such information solely for use in connection with the action.

  3. In the event a party challenges another party's designation of confidentiality (including Attorneys' Eyes Only designation), counsel shall make a

good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. A party objecting shall so notify the other Party in writing setting forth with specificity the information that he or she contends is not confidential and attempt to resolve the dispute through a meet and confer session. If this attempt is not successful, the objecting Party may file an objection with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL" (including Attorneys' Eyes Only designation). The disputed documents or other materials and information shall be treated as "CONFIDENTIAL" (including Attorneys' Eyes Only designation) pending a ruling from the Court. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information (including Attorneys' Eyes Only designation) disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information (including Attorneys' Eyes Only designation).

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except to the following "Qualified Persons":

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation, including individuals engaged in for the purpose of transcribing depositions and court proceedings in this Action;

   c. Consultants, investigators or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Witnesses who have been noticed, scheduled and/or confirmed to testify at deposition or at trial in the Action, provided that the material disclosed is directly related to the subject of their testimony;

   e. Any other person who is designated a Qualified Person by further agreement of the Parties or by order of this Court; and

   f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents pursuant to this Stipulation and Order and inform the

person that one cannot use the information or documents for any purpose other than this litigation;

    b.    Individuals listed in subparts (c), (d), and (e) of Paragraph 4 must execute a copy of the Certificate of Compliance attached hereto as Exhibit A prior to review of any "Confidential" information or documents, unless otherwise mutually agreed to by the parties' counsel.

Counsel who disclose such information shall take reasonable and appropriate steps to ensure that the person receiving it shall not reveal or discuss that information with any person who is not authorized by this Stipulation and Order to receive that information, and shall use best efforts to ensure that disclosure comports with this Stipulation and Order.

6.    The disclosure of a document or information without designating it as "Confidential" (including Attorneys' Eyes Only designation) shall not constitute a waiver of the right to designate such document or information as Confidential Information (including Attorneys' Eyes Only designation). If so designated, absent an objection from the opposing party or court order, the document or information shall thenceforth be treated as such subject to all the terms of this Stipulation and Order.

7.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. In the case of depositions, designation of the transcript or the portions of the transcript that contains Confidential or Attorneys' Eyes Only material shall be made by a statement to such effect, on the record, during the course of the deposition, or by a statement in writing sent to all counsel of record within 30 business days after receipt of the transcript of such deposition, and the court reporter will be directed to affix a Confidential or Attorneys' Eyes Only designation to such portions. Until the expiration of the period of 30 days, the Parties shall treat the entire transcript as Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition (or thereafter in writing) without further order of the Court.

10. Notwithstanding the designation of information as "Confidential" (including Attorneys' Eyes Only designation) in discovery, there is no presumption that such information shall be filed with the Court under seal.

   a. In the event that any discovery designated as "Confidential" (including Attorneys' Eyes Only designation) pursuant to this Stipulation and Order may be desired to be publicly filed with the Court by either party, the attorneys seeking to file the documents will give reasonable notice of such desire to opposing counsel of not less than fourteen (14) days. The non-filing party will timely articulate any objections to publicly filing the document. The parties then agree to meet and confer in response. The Parties may agree to redact certain Confidential Information from papers filed with Court in lieu of filing under seal so that the Confidential Information is not disclosed.

   b. If there is no agreement as provided in subpart (a), and either party, after notice as provided in subpart (a), wishes for such materials to be filed under seal, the party shall follow the Court's Individual Rules set forth for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information (including Attorneys' Eyes Only designation) and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential information (including attorneys' eyes only designation) if otherwise required by law, including without limitation, the New York Public Officers Law, or pursuant to a valid court order or subpoena, or if such documents are required as part of an application or report submitted to any city, state or federal

government agency. In the event that any party (including a Qualified Person) is requested to produce Confidential material (including Attorneys' Eyes Only designation) outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the party will object and refuse to disclose such information on the basis of this Stipulation and Order. In the event that a party receives a request to produce any Confidential material (including Attorneys' Eyes Only designation), or if a party is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena. The party will allow the Providing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure.

13. Any party may seek to modify, expand, cancel or supersede this agreement by stipulation of the Parties or by motion on notice.

14. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

SO STIPULATED AND AGREED ON THE 7th DAY OF JULY 2022:

PADUANO & WEINTRAUB LLP

*Lisia Leon/MKS*
By: Lisia Leon, Esq.

*Attorneys for Defendants*

Dated: New York, New, York

7/8, 2022

STAGG WABNIK LAW GROUP LLP

*Amanda Slutsky*
By: Amanda B. Slutsky, Esq.

*Attorneys for Plaintiff*

SO ORDERED.
/s/ John G. Koeltl
JOHN G. KOELTL
United States District Judge

*Handwritten note:* This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered. /s/ JG Koeltl 7/8/22 U.S.D.J.

## Exhibit A

### Certificate of Compliance

### Agreement to Maintain Confidentiality

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Stipulation and Order ("the Stipulation and Order") dated July___, 2022 in the above-styled Action; that I have been given a copy of and have read the Stipulation and Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Stipulation and Order, is a prerequisite to my review of any produced materials, as defined in the Stipulation and Order.

I further agree that I shall not disclose to others, except in accordance with the Stipulation and Order, such information or documents, including notes or other memoranda or writings regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the Stipulation and Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Stipulation and Order, I may be subject to sanctions,

including contempt, for such a failure.

I further agree to be subject to the jurisdiction of the Court in any proceeding to enforce this Stipulation and Order.

DATED:_____

_____
Signature

_____
Print Name